**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**PINE BLUFF DIVISION**

**JEFFERY EDWARDS,**
**ADC #112033**                                                                                         **PLAINTIFF**

**v.**                                          **5:10-CV-00091-BSM/HLJ**

**RAY HOBBS**                                                                                           **DEFENDANT**

**ORDER**

Plaintiff Jeffrey Edwards is a state inmate incarcerated at the East Arkansas Regional Unit of the Arkansas Department of Correction (ADC) seeking relief pursuant to 42 U.S.C. § 1983. In his complaint, plaintiff states that he is currently imprisoned pursuant to an invalid consecutively-entered sentence or term of imprisonment, and he seeks cessation of his unconstitutional confinement.

Pursuant to 28 U.S.C. § 1915A(a), complaints seeking relief against a governmental entity or officer or employee of a governmental entity must be screened. A complaint or portions of the complaint must be dismissed if the prisoner has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.

An action is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 127 S.C. 1955, 1974 (2007).

Under § 1915(e)(2)(B), a *pro se* complaint the benefit of a liberal construction.

*Haines v. Kerner*, 404 U.S. 519, 520 (1972). All factual allegations must be weighed in favor of the plaintiff, unless the facts alleged are clearly baseless. *Denton v. Hernandez*, 504 U.S. 25 (1992); *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

Having reviewed Edwards's complaint, it shows that he is, in effect, challenging the fact of his confinement, and if successful, may be entitled to an earlier release from prison. This relief is only available, however, through a petition for writ of habeas corpus after first exhausting state remedies. *See Wilson v. Lockhart*, 949 F.2d 1051 (8th Cir. 1991). Edwards does not indicate in his complaint that such state remedies have been pursued.

Accordingly, Edwards's complaint against defendant is dismissed with prejudice, and this dismissal constitutes a "strike" within the meaning of the Prison Litigation Reform Act (PLRA), 28 U.S.C. § 1915(g).[1]

IT IS SO ORDERED this 14th day of May, 2010.

*/s/ Brian S. Miller*
UNITED STATES DISTRICT JUDGE

---

[1] The PLRA, 28 U.S.C. § 1915(g), provides as follows: "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted...." This provision also has been applied to dismissals, such as in this case, based on *Heck*. *See Patton v. Jefferson Correctional Center*, 136 F.3d 458, 462-64 (5th Cir. 1998).